FILED

FEB 17 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED

MAR 1 7 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

| UNITED STATES OF AMERICA, | No. 04-10621 |
| Plaintiff - Appellee, | D.C. No. CR-04-00025-A-JKS |
| v. | |
| JOHN THOMAS HARPOLE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
David Warner Hagen, District Judge, Presiding

Submitted February 9, 2006**
Seattle, Washington

Before: LEAVY, RYMER and FISHER, Circuit Judges.

John Thomas Harpole appeals his conviction following a jury trial and the sentence imposed for attempted tax evasion and failure to file income tax returns in violation of 26 U.S.C. §§ 7201 and 7203. Because the parties are familiar with

---

*This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

**This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the facts, we do not recite them in detail. We affirm Harpole's conviction, but vacate and remand his sentence.

Harpole claims that his indictment was constitutionally defective because its failure to refer to the predicate statute requiring him to file an income tax return deprived him of sufficient notice of the charges against him. We construe the indictment liberally in favor of validity where, as here, the defendant did not challenge the indictment's sufficiency prior to conviction. *See United States v. Pheaster*, 544 F.2d 353, 361 (9th Cir. 1976).

Harpole's indictment provided him with sufficient notice of the charges against him because the government was not required to cite the applicable tax code provision stating Harpole's duty to pay taxes. *See United States v. Vroman*, 975 F.2d 669, 670-71 (9th Cir. 1992). Harpole was not prejudicially misled as a result of the indictment's failure to do so, because the indictment sufficiently detailed the elements of the charged offenses. For counts one through six, the indictment charged that Harpole received taxable income in a specified amount for a given year, identified the amount of tax due on the income received and alleged that Harpole engaged in specific acts as part of his attempt to evade paying taxes, in violation of 26 U.S.C. § 7201. For counts seven through twelve, it alleged that Harpole received specific amounts of income from his employers that required him

2

to file tax returns, that because he received these amounts he was required by law to make a return and that he willfully failed to do so, in violation of 26 U.S.C. § 7203.

Harpole also claims that the district court's jury instructions were deficient because the court should have delivered his proposed instruction, "In this case, the Defendant is not presumed to know the law," and because the court erred in not reciting to the jury sections 6001 and 6011 of the Internal Revenue Code. Because the district court's jury instructions fairly and adequately covered the elements of 26 U.S.C. §§ 7201 and 7203 and Harpole failed to make a specific, timely objection at trial to the instructions' precise formulation, we review his challenge to them on appeal for plain error. *See United States v. Elias*, 269 F.3d 1003, 1017-18 (9th Cir. 2001) (as amended).

Although a defendant is entitled to an instruction on his theory of defense, *see United States v. Sotelo-Murillo*, 887 F.2d 176, 178-79 (9th Cir. 1989) (as amended), the trial judge need not use the precise language proposed by the defendant. *See United States v. Bussell*, 414 F.3d 1048, 1058 (9th Cir. 2005). The district court instructed the jury that it had to find that Harpole acted "willfully" and "knowingly," and it carefully defined those terms so that the jury would know that the government had to prove beyond a reasonable doubt that the law imposed

3

a duty on Harpole, that Harpole knew of that duty and that he voluntarily and intentionally violated it. Indeed, the court went out of its way to ensure the jury's awareness that Harpole could not act willfully if he believed in good faith that he was acting within the law. In light of the clarity of the district court's instructions and the absence of anything in the record indicating that the jury concluded it could presume that Harpole knew the law, Harpole has not established that the district court committed plain error.

As to sections 6001 and 6011 of the Internal Revenue Code, neither would have provided any assistance in the determination of whether Harpole was required to file returns, nor were they of other relevance. The district court did not err in declining to recite them to the jury.

Finally, Harpole appeals his sentence under *United States v. Booker*, 125 S. Ct. 738, 757-64 (2005), because the district court did not base its tax-loss determination on either a jury finding or his own admission. Because Harpole was sentenced under mandatory Sentencing Guidelines, this judge-made finding of fact violated Harpole's Sixth Amendment rights. *See United States v. Ameline*, 409 F.3d 1073, 1077-78 (9th Cir. 2005) (en banc). We cannot determine from the record whether the sentence imposed would have been materially different were

the Guidelines known to be advisory. Consequently, we remand to the district court to reconsider Harpole's sentence.

**AFFIRMED** in part and **REMANDED** for resentencing.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAR 14 2006

by: _____
Deputy Clerk