IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br>　vs.<br>JOHN THOMAS HARPOLE,<br>　　　　　　Defendant. | Case No. 3:04-cr-00025-JKS<br><br>O R D E R |

　　　　Defendant John Thomas Harpole was convicted by a jury of certain federal offenses and sentenced by this Court in accordance with the then-mandatory United States Sentencing Guidelines. He appealed his conviction and sentence. The Ninth Circuit affirmed the conviction; however, consistent with the en banc decision in *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005), the Ninth Circuit remanded the case to this Court directing it to answer the question of whether Harpole's sentence would have been materially different had this Court known that the Guidelines were advisory. Under *Ameline,* if the Court informs the parties that the distinction between mandatory guidelines and advisory guidelines would have made a difference, then it must vacate Harpole's sentence and re-sentence him after hearing from the parties and allowing Harpole further allocution. Alternatively, if the Court finds that there would be no difference in the sentence, it should reaffirm the sentence, leave the sentence in force, and allow the parties to return to the Ninth Circuit.

　　　　It appears that the Court should hear from the parties before acting. Unfortunately, there is no small amount of disagreement nationwide regarding the meaning of the phrase "advisory guidelines" as that meaning determines the trial court's jurisdiction to impose a sentence different from the sentence calculated in conformity with the Guidelines. Unless the Court determines (1) how the current system differs from the former mandatory system—particularly the extent to which the "advisory" guidelines are binding such that any deviation would be "unreasonable" as a matter of law; and (2) whether there is anything about Harpole's case that would moot the distinction, if

any, between mandatory guidelines and advisory guidelines, it cannot know whether the change would affect Harpole's sentence.

The parties should therefore advise this Court, in a post-sentencing memorandum to be filed **on or before Friday, April 21, 2006,** regarding the following:

1) To what extent and under what circumstances does *Booker/Fanfan* authorize a district court to impose a sentence that varies from the otherwise applicable guideline sentence? In answering this question the parties should review, *inter alia*, Judge Cassell's decision in *United States v. Wilson*, 350 F. Supp. 2d 910 (D. Utah 2005), *on reh'g* 355 F. Supp. 2d 1269 (D. Utah 2005), and Judge Gertner's decision in *United States v. Jaber*, 362 F. Supp. 2d 365 (D. Mass. 2005). While there are numerous cases from the various district courts that thoughtfully discuss the issues, Judge Cassell and Judge Gertner appear to represent the polar extremes.

2) If the facts and circumstances of Harpole's case would allow this Court discretion to deviate from the Guideline sentence, should the Court exercise that discretion to vacate the judgment, hold a further sentencing hearing, and modify the sentence? Here, the parties should marshal the facts and law, pro and con. Once the Court has reviewed the parties' supplemental sentencing briefs, it will decide whether to hold oral argument or other further proceedings. Naturally, defense counsel should consult with Mr. Harpole before filing a supplemental sentencing memorandum.

**IT IS SO ORDERED.**

Dated at Anchorage, Alaska, this 23rd day of March, 2006.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CR\D.AK 2004\A04-0025.009.wpd