LEA A. CARLISLE
Trial Attorney
Department of Justice, Tax Division
lea.a.carlisle@usdoj.gov
THOMAS C. BRADLEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel.: (907) 271-5071
Fax: (907) 271-1500
thomas.bradley@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 3:04-cr-025-JKS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **POST SENTENCING** |
| JOHN THOMAS HARPOLE, ) | **MEMORANDUM** |
| ) | |
| Defendant. ) | |
| ) | |

    COMES NOW the United States of America, through the undersigned Assistant

United States Attorney and Department of Justice Trial Attorney, and responds to the

Court's March 23, 2006, Order regarding the Ninth Circuit's limited remand to review Defendant's sentence.

## I. Procedural Background

On June 25, 2004 after a three-day trial, a jury convicted Defendant of six counts of attempted tax evasion, in violation of 26 U.S.C. § 7201, and six counts of failing to file a federal tax return, in violation of 26 U.S.C. § 7203. On November 5, 2004, this Court sentenced Defendant to 21 months imprisonment on each count to be served concurrently, 36 months of supervised release, and a $5000 fine with regard to the evasion counts. Defendant appealed the verdict and his sentence to the Ninth Circuit Court of Appeals. On February 16, 2006, the Ninth Circuit filed a Memorandum Opinion affirming Defendant's conviction with a limited remand under United States v. Booker, 543 U.S. 220, 245-260 (2005), and United States v. Ameline, 409 F.3d 1073, 1077-78 (9th Cir. 2005), for the district court to determine whether Defendant would have been sentenced materially different had the district court known that the U.S. Sentencing Guidelines were not mandatory.

## II. Ninth Circuit's Guidance on Post-Booker/Fanfan Sentencing Procedures

In United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005), the Ninth Circuit held that when "faced with an unpreserved Booker error . . . a limited remand to the district

court is appropriate for the purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." 409 F.3d at 1074.  A full resentencing with a defendant present where the district court "could take a fresh look at the relevant facts" is unnecessary if the district court first determines, under the limited remand, that the original sentence would not have differed *materially* under an advisory guideline approach.  Id. at 1084-85.  In deciding this question, the district court need not determine or express what the sentence would have been in an advisory system.  Id. at 1085.  If the district court determines that the original sentence would not have differed materially, then the court need only make a record with an appropriate explanation and the sentence will stand as long as it was reasonable.  Id. at 1079.  If the sentencing judge determines that resentencing is warranted after remand from the circuit court, he can "simply vacate the sentence and resentence." Id. at 1080; see also United States v. Crosby, 397 F.3d 103, 120 (2d Cir. 2005).

The Ninth Circuit has described a two-step sentencing process for district courts to follow post-Booker, essentially defining what it means for the U.S. Sentencing Guidelines to be advisory.  "In determining an appropriate sentence, district courts must consider the applicable guideline range, as well as the goals and factors enumerated in 18

U.S.C. § 3553(a)."  United States v. Rodriguez-Rodriguez, No. 05-50202 2006 WL 709133 (9th Cir. March 22, 2006); see also United States v. Cantrell, 433 F.3d 1269, 1279-81 (9th Cir. 2006) (holding that the guidelines range must be computed correctly else the court will not have "properly consulted" the guidelines).  Title 18, United States Code section 3553(a), states that the "court shall impose a sentence sufficient, but not greater than necessary" in order

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes by the defendant; and
> (D) to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).  Other factors to consider include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the kinds of sentences available;" "the sentencing range established for [defendant's crime;]" "any pertinent policy statement;" "the need to avoid unwarranted sentence disparities among defendants . . . guilty of similar conduct;" and "the need to provide restitution."  18 U.S.C. § 3553(a)(1), (3)-(7).  District courts are not required to recite a laundry list of § 3553(a) factors.  "It is enough to calculate the [sentencing guideline's] range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less."  United States v. Mix, No. 05-10088 2006 WL 802535 *5 (9th Cir.  March 30, 2006)

(citing United States v. George, 403 F.3d 470, 472-73 (7th Cir. 2005)).

The cases of United States v. Jaber, 362 F.Supp.2d 365 (D. Mass 2005) (Gertner, J.) and United States v. Wilson, 355 F.Supp.2d 1269 (D. Utah 2005) (Cassell, J.), to which this Court referred the parties in its Order, both predate the circuit court law cited above. The Ninth Circuit appears to have taken a compilation of the two methods, J. Cassell's approach of serious consideration of the applicable Guidelines combined with J. Gertner's approach of in-depth explanation and justification for the court's decision to sentence the defendants to significantly different terms than those recommended by the Guidelines, and melded them to create the applicable standard of parallel analysis: "first employing the Guidelines, and then considering non-guideline sentencing factors under § 3553(a)." Mix, 2006 WL 802535 at *6. While the post-Booker sentencing scheme resembles sentencing under the mandatory Guidelines, the primary difference is that now, once a circuit court determines that the district court correctly applied the Guidelines, the sentence is reviewed "for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a)." Cantrell, 433 F.3d at 1280.

### III. Argument

At the imposition of Defendant's sentence, this Court calculated the Defendant's sentence according to the U.S. Sentencing Guidelines and imposed the low end of the

sentence at 21 months.  Currently, Defendant is set for release on July 28, 2006, slightly more than three months from now.  Defendant did not appeal the Court's finding of the amount of tax loss, which led to the Guideline calculation at level 16, and thus the Guideline range of 21 to 27 months must stand.

Defendant's sentence would not have been materially different had the Guidelines been advisory rather than mandatory.  Although the Court stated that Defendant would not be given more time, the Court also noted that "Mr. Harpole's acceptance of responsibility is pretty vague.  He was not allowed acceptance of responsibility by the probation officer, I think correctly, and so that's all factored into the sentence." (Sent. Trans., Nov. 5, 2005).  In response to the Government's argument that sentencing at the low end of the Guidelines suggested a message to the public that the Court did not feel Defendant's crimes were serious, the Court stated that "the range itself, twenty-one to twenty-seven months, . . . takes into account both the criminal history and the offense level." (Sent. Trans., Imposition of Sent., Nov. 5, 2005).  This statement also suggests that consideration of the § 3553(a)(2)(A),(B) factors would not have made a material difference.  Furthermore, the Court found no reason to downward depart under the old regime, although departures outside the specifically enumerated

reasons of the Guidelines were possible under U.S.S.G. § 5K2.0. Clearly, the Court felt that 21 months was an appropriate sentence.

The Government notes that before allocution, the Court stated: "[If] Booker and Fanfan come down and . . . they throw the guidelines totally out the window, then I would be prepared to reassemble everybody and let you have a go at it. I would not sentence Mr. Harpole any higher, but I would let people argue to sentence him lower." However, Booker did not strike down the Guidelines, but made them advisory so that the Guideline range must still be correctly calculated and consulted before a sentence is imposed. The primary difference is that the Court must now consult the factors under 18 U.S.C. § 3553(a) and assure that the sentence imposed fulfills the purposes described under §3553(a)(2). As such, this Court should find that Defendant's sentence would not have been materially different were the Guidelines advisory rather than mandatory.

## IV. Conclusion

Pursuant to the Ninth Circuit's limited remand, this Court should find that Defendant's sentence would not have materially changed under the new sentencing system.

RESPECTFULLY SUBMITTED this 19th day of April, 2006.

        DEBORAH M. SMITH
        Acting United States Attorney

        s/ Lea A. Carlisle
        LEA A. CARLISLE
        Trial Attorney
        Department of Justice, Tax Division
        lea.a.carlisle@usdoj.gov

        s/ Thomas C. Bradley
        THOMAS C. BRADLEY
        Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        222 W. 7th Avenue, #9, Room 253
        Anchorage, Alaska 99513-7567
        Tel.: (907) 271-5071
        Fax: (907) 271-1500
        thomas.bradley@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2006,
a copy of the foregoing Post Sentencing
Memorandum was served by regular
U. S. mail on:

John Thomas Harpole
#14923-006
FPC Camp
P O Box 1000
Butner, NC 27509

s/ Thomas C. Bradley