RECEIVED
JUL 1 0 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

John Thomas Harpole
3705 Arctic Blvd #1767
Anchorage Alaska 99503

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | No. 3:04-cr-025-JKS |
| vs. | |
| JOHN THOMAS HARPOLE | POST SENTENCING MEMORANDUM |
| Defendant. | |

COMES NOW, John Thomas Harpole, without counsel, and responds to the Court's March 23, 2006, Order regarding the Ninth Circuit's remand to review Harpole's sentence.

I was sentenced based on facts found by the court and not admitted by me or decided by a jury. My case occurred during a time of great flux surrounding the sentencing guidelines. The courts have finally settled the controversy by ruling that all facts used to sentence a person must be admitted by the defendant or determined by a jury. The courts can no longer use the reasonable doubt standard to determine facts that will be used to determine a sentence. While the United States Sentencing Commission has stated that it "believes that use of a preponderance of evidence standard is appropriate to meet due process requirements..." (U.S.S.G. §6A1.3, Comment), there is no statute or rule underlying that belief. Conversely, Justice

the jury had found, thereby, violating my 6th Amendment Constitutional rights. The appellant court ordered my sentence remanded for review.

The government characterizes the circuit courts decision as a limited remand and tries to steer the courts attention away from the very basic fact that the facts the court based the sentence on were not admitted by me or found by a jury and toward the factors outlined by §3553(a). However, before §3553(a) can be brought to bear in the consideration of a sentence the facts of the case must, according to the Supreme Court, be admitted by a defendant or found by a jury.

The guidelines have been computed to take all elements of §3553(a), (A), (B), (C), & (D) into effect. The key element in nearly every sentence is, "how much?" How much money? How much dope? How much taxes? How much damage? etc. In tax cases the "how much" is how much tax loss to the government. The "how much is reflected §3553(a) (A) as:

> the "court shall impose a sentence sufficient, but not greater than necessary" in order
> (A) to reflect the seriousness of the offense,..."

The court stated at the Imposition of Sentencing on Nov. 5, 2004 that "the range itself, twenty-one to twenty-seven months,...takes into account both the criminal history and the offense level."

Because the court never issued a jury instruction ordering the jury to find the amount of tax loss in this case, the government never bore the burden to prove anything to the jury. While it is very convenient that the government can carry a tax case to conviction without ever having to demonstrate or prove any duty on the part of a

defendant. It is now, according to the Supreme Court, a violation of the 6th Amendment of the Constitution to do so.

The Government argues that "defendant did not appeal the Courts finding of the amount of the tax loss," (post Sentencing Memorandum page 6). The governments argument is without merit in today's post Booker era. The court cannot use judge-made findings of facts to base a sentence on. Therefore, there was nothing to appeal but the method the tax loss was determined. And as everyone involved in this matter knows the 9th Circuit ruled that those facts (amounts of tax loss) were found in an unconstitutional manner.

The court in its order for this memorandum asks for information that would support a contention that it would give a different sentence if a sentencing hearing was held. I believe it would for this reason.

If the court previously weighed all the elements of § 3553(a) (A), (B), (C), and (D) when it assessed the original twenty-one month sentence and then a jury found a lesser amount of tax loss at a subsequent jury trial, in order to decide that my sentence should remain at twenty-one months, the court would have to change its mind about the weight previously given the elements of § 3553(a).

There was no mention of any elements that would cause the court to impose another sentence outside of the advisory guideline range at the Imposition of Sentence. Therefore, in the event the jury found a lesser tax loss amount than I was originally sentenced under I would expect that any sentence determined on a re-sentencing would still be at the low range of the guidelines for the corresponding amount of tax loss

if any.

I agree with the Government in it's analysis of how <u>United States v. Jaber</u>, 362 F.Supp.2d 365 (D. Mass 2005) and <u>United States v. Wilson</u>, 355 F.Supp.2d 1269 (D. Utah 2005) effect the application of the Guidelines as advisory with reference to §3553(a). However, this application can come only after the facts of the case have been determined by a jury or admitted by the defendant.

The courts discretion in applying the elements of §3553(a) are not triggered until the facts that the sentence is based upon are either admitted by the defendant or found by a jury. It's a pretty simple concept. Until those facts are admitted by me or found by a jury my 6th Amendment rights will continue to be violated, no matter what sentence is determined by the court or what hearings are granted or denied.

## CONCLUSION

For the reasons set forth herein this Court should impanel a jury to determine the tax loss in this case.

RESPECTFULLY SUBMITTED this _10_ day of July, 2006

_John Thomas Harpole_
John Thomas Harpole

## CERTIFICATE OF SERVICE

I _John T Harpole_ do certify that on
July _10_, 2006 that a true and correct
Copy of the foregoing document was placed in
The United States first class mail to

THOMAS C. BRADLEY
222 W. 7th Avenue #9 Room 253
Anchorage, Alaska 99513-7567

_____
John T. Harpole